**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Domenic Cusano, Jr. and Cusano Chiropractic, | Case No. 1:22-cv-7196 |
| Plaintiffs, | |
| v. | |
| Cook County, Cook County Board of Commissioners, and Toni Preckwinkle, in her official capacity as President of the Board of Commissioners, | |
| Defendants. | |

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND NOMINAL DAMAGES**

1.      Innovation and commerce run deep in Cook County's history. Many entrepreneurs have come to Illinois' most populous county to start a business, contributing to the over 130,000 business establishments in the area. The Chicago metropolitan area, home to the county seat, is the nation's third-largest manufacturing region, with over half a million jobs in industries ranging from electronics to metalworking.

2.      Small businesses in Cook County face numerous challenges, including staff shortages in nearly every industry, rising costs, and higher property taxes. The COVID-19 pandemic and the government's response exacerbated many of those challenges.

3.      To help small businesses to recover from the pandemic, the Cook County Bureau of Economic Development is offering $10,000 grants paired with one-on-one business advising through its Small Business Source Grow Grant program ("program"). But the program treats small business applicants differently based on their owners' race, and specifically prioritizes "persons of

1

color." The County does not consider Plaintiff Dr. Domenic Cusano a person of color, and therefore disadvantages him and his business in the grant application process.

4.      Like many others, Dr. Cusano suffered revenue losses as a result of the COVID-19 pandemic and the attendant emergency orders. Yet the County will treat Dr. Cusano and Cusano Chiropractic differently on the basis of an arbitrary characteristic that is irrelevant to an individual's moral worth: race. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids the government from discriminating against individuals on the basis of their membership in a racial group. It requires government to treat every person based on his or her individual qualities. Plaintiff Domenic Cusano brings this lawsuit to allow his small business to compete on equal footing for much-needed COVID-19 relief grants and to vindicate his fundamental right to equality before the law.

## PARTIES

5.      Plaintiff Dr. Domenic Cusano, Jr., D.C., owns Cusano Chiropractic. He applied for a Small Business Source Grow Grant for Cusano Chiropractic. Dr. Cusano identifies as white and Caucasian.

6.      Plaintiff Cusano Chiropractic is a for-profit small business founded around 1990. It is located in Chicago, Illinois, which is in Cook County. Cusano Chiropractic employs fewer than 20 full-time employees.

7.      Defendant Cook County is an Illinois Municipal Corporation that adopted and, through its agency, Cook County Bureau of Economic Development, implements the Small Business Source Grow Grant program.

8.      Defendant Cook County Board of Commissioners is the governing board and legislative body of Cook County that is responsible for the management of the affairs of Cook

County. It is organized under the laws and constitution of the State of Illinois and is responsible for adopting the Source Grow Grant program.

9.      Defendant Toni Preckwinkle is sued in her official capacity as the President of the Cook County Board of Commissioners. As President, Ms. Preckwinkle is the Chief Executive Officer of Cook County and oversees the offices and agencies under the President, including the Bureau of Economic Development. Her authority is provided under the laws and constitution of the State of Illinois.

10.     Defendants Cook County, Cook County Board of Commissioners, and Preckwinkle are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because this action arises under federal law, namely 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

12.     This Court has personal jurisdiction over Defendants because this action arises out of their contacts with Cook County and concerns their actions as officers of the County.

13.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred and continue to occur in this district.

## FACTUAL ALLEGATIONS

**Cook County Establishes Race-Based Goals for Small-Business Funding**

14.     On June 24, 2021, the Cook County Board of Commissioners adopted Resolution 21-3654, accepting the federal American Rescue Plan Act (ARPA) funds in the amount of over $1 billion, as allocated by the United States government.

15.     On the same date, the Board of Commissioners adopted its ARPA Framework, via Resolution 21-3657. The framework implemented a community engagement plan that "focused on historically disinvested communities . . . " as well as outreach plans that included the expansion of programs for small and minority-owned businesses.[1]

16.     On October 7, 2021, Cook County Board of Commissioners President Toni Preckwinkle presented the executive budget recommendations for the county budget. She stated: "In the coming year, with an equity lens at the core of our decision-making process, we will use nearly a quarter of the billion American Rescue Plan Act dollars to fund programs in alignment with our Cook County Policy Roadmap." President Preckwinkle additionally spoke of tackling disinvestment in "Black and Brown Communities" to ensure that the county "recovers equitably," and focuses on "prioritizing equity." Remarkably, President Preckwinkle declared, "[Y]our race should not determine your access to opportunity."[2] Despite this sentiment, Cook County would allow one's race to determine access to a COVID-19 relief grant.

**Cook County Small Business Source Grow Grant Prioritizes Businesses Based on Race and Ethnicity**

17.     In furtherance of the ARPA framework and budget recommendations, the Commissioners adopted Resolution 22-4414, the ARPA Vital Programs Initiative, on July 28, 2022. It directed the County Bureau of Economic Development to partner with non-profit groups, Women's Business Development Center and Allies for Community Business, to implement a $70

---

[1] Cook County Board of Commissioners Briefing on the Cook County American Rescue Plan Act Framework (June 24, 2021), https://www.cookcountyil.gov/sites/g/files/ywwepo161/files/service/arpa-presentationl.pdf
[2] Cook County Board of Commissioners (2021), '21-5619: Executive Budget Recommendation for Fiscal Year 2022,' *Minutes of the Board of Commissioners of Cook County Meeting 7 October 2021*, Virtual Meeting, https://cook-county.legistar.com/View.ashx?M=M&ID= 897203&GUID=C59B7183-DA8F-4E83-A78C-A40099162CED

million grant program that would provide early-stage business grants to micro-businesses owned by "historically excluded populations," and capital paired with business advising to "historically excluded businesses—Black-, Latino(a)-, Woman-, Veteran-, Person(s) with a Disability-owned businesses—to close racial wealth and other opportunities gaps."[3]

18.     The Bureau of Economic Development launched the Source Grow Grant Program on September 29, 2022, which would provide $10,000 in grants paired with one-on-one business advising to "historically excluded businesses—including those owned by entrepreneurs of color, women, veterans, LGBQT+ and persons with a disability—to close racial wealth and opportunity gaps."[4]

19.     In response to the launch of the grant program, Cook County Commissioner Alma Anaya stated that she was delighted to see the County's commitment to supporting the resiliency of small businesses, particularly those owned by "historically excluded populations."

20.     Commissioner Kevin Morrison noted that the grants "will go directly towards reducing the racial wealth gap and moving us toward the equity goals we strive for."

21.     To be eligible for the grant, an applicant must own a for-profit business that was started prior to 2020 and located in Cook County. It must employ fewer than 20 full-time employees. It must also show decreased revenue or increased costs due to COVID-19. The funds can only be used for business-related expenses.

---

[3] Cook County Board of Commissioners (2022), '22-4414: Resolution for ARPA Vital and Smart Communities Program Initiatives Implemented by the Bureau of Economic Development,' *Meeting Details of the Board of Commissioners of Cook County Meeting 28 July 2022*, Cook County Building, https://cook-county.legistar.com/LegislationDetail.aspx?ID=5735194& GUID=7A06BFEA-7930-498A-BA24-19AF28C5C188&Options=&Search=&FullText=1
[4] Press Release, Cook County, Cook County Announces $71 Million Source Grow Grant Program to Help Historically Excluded Small Businesses in Pandemic Recovery (Sept. 29, 2022) (https://www.cookcountyil.gov/news/cook-county-announces-71-millon-source-grow-grant-program-help-historically-excluded-small)

22.     On October 3, 2022, the Women's Business Development Center conducted a webinar on how to apply for the grant and reiterated that "people of color" that owned businesses were among those given priority. The webinar's host, Lotika Pai, Managing Director of Access to Capital at the Women's Business Development Center, emphasized that applicants should carefully and correctly respond to the application's questions about business owner demographics because they establish priority for the grants. Ms. Pai additionally stated, "the prioritization really kicks in in terms of how the reviews are conducted."[5]

23.     Applications for the grant were available online at the Cook County Small Business Source website and could be submitted from October 3, 2022 to October 31, 2022. As the informational webinar indicated, the online application required applicants to identify their ethnicity and race.

a.      Specifically, under "Ethnicity," applicants must mark whether they were "Hispanic, Latino(a), or Spanish," another ethnicity, if their ethnicity was unknown, or if they preferred not to answer.

b.      Under "Race," applicants must identify themselves by selecting among "American Indian or Alaska Native," "Asian," "Black or African American," "Native Hawaiian or Other Pacific Islander," "White," "Other Race," or "Unknown/Prefer not to answer."

c.      The application also asked applicants to provide additional information of the race and ethnicity of the business owner, and whether the business is at least 51 percent minority-owned, operated, and controlled.

---

[5] Cook County Small Business, *The Source Grow Grant Application Information Session*, YouTube (October 3, 2022), https://www.youtube.com/watch?v=WVwv54GT9Js.

24.     The application stated, "Please note that this grant program prioritizes historically excluded populations for selection, including People of Color, Women, Veterans, and Persons with a Disability." Exhibit A.

25.     Grant program administrators began reviewing applications in November 2022 and will continue their review until early 2023.

26.     The County received nearly 22,000 applications for the grant program, and will award only 2,550 grants to small businesses.[6]

27.     The County will notify applicants in early 2023 of whether they will receive a grant.

**The Impact of the COVID-19 Pandemic and Grant Program on Plaintiffs**

28.     Domenic Cusano, Jr. owns Cusano Chiropractic, which is located in Chicago, Illinois. Dr. Cusano has been treating patients at his clinic for over 25 years.

29.     Dr. Cusano primarily relies on the income he receives from Cusano Chiropractic for his livelihood.

30.     Although government orders allowed Cusano Chiropractic to stay open during the pandemic, significantly fewer patients visited the clinic, resulting in a major loss of monthly income to Dr. Cusano.

31.     Cusano Chiropractic submitted an application for the Source Grow Grant in October 2022. Dr. Cusano is eligible to apply for the grant because Cusano Chiropractic was started prior to 2020, is located in Cook County, employs fewer than 20 full employees, and can demonstrate decreased revenue due to COVID-19. In response to the demographic questions in

---

[6] Cook County Small Business Source, https://cookcountysmallbiz.org/growgrant/ (last visited Dec. 20, 2022)

the application, his application indicated that he identified as "white" and "not Hispanic, Latino(a), or Spanish."

32.     Because Dr. Cusano identifies as white and non-Hispanic, the County will disadvantage his application in comparison to similarly situated applicants who identify as non-white or Hispanic.

## CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – Violation of the Equal Protection Clause)

33.     Plaintiffs incorporate the prior allegations of this complaint.

34.     42 U.S.C. § 1983 provides a private right of action to those aggrieved by constitutional violations undertaken by municipalities acting under color of law.

35.     State actors and their agents, under the color of state law, will enact and enforce the Cook County Source Grow Grant Program. Defendants authorized, developed, and implemented the program's prioritization of minority-owned businesses.

36.     In relevant part, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

37.     The Cook County Source Grow Grant Program's prioritization of minority-owned businesses is subject to strict scrutiny because it classifies individuals based on their race. Small businesses that are owned by members of racial minority groups are prioritized in the distribution of grants.

38.     The Cook County Source Grow Grant Program treats Plaintiffs Domenic Cusano and Cusano Chiropractic differently than similarly situated business owners because of Dr. Cusano's race.

39.     Defendants do not have a compelling interest in giving racial preferences to minority-owned businesses in distributing grants under the Cook County Source Grow Grant Program.

40.     Defendants have not identified with specificity any past racial discrimination to be remedied by making racial classifications in the Cook County Source Grow Grant's prioritization of minority-owned businesses.

41.     Defendants cannot prove that the racial preferences encompassed in the Cook County Source Grow Grant program's prioritization of minority-owned businesses are narrowly tailored.

42.     Plaintiff Dr. Cusano has been significantly impacted by the COVID-19 pandemic and applied for a Cook County Source Grow Grant. Yet because Dr. Cusano is not a racial minority and his business is not owned by a racial minority, he is at a disadvantage in obtaining a grant distributed pursuant to the grant program.

## CLASS ACTION ALLEGATIONS

43.     Plaintiffs incorporate the prior allegations of this complaint.

44.     Plaintiffs bring this class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

45.     Plaintiffs seek to represent a class of all non-minority-owned businesses that have applied for a grant under the Cook County Source Grow Grant.

46.     The number of individuals in this class makes joinder of individual class members impracticable.

47.     There are questions of law common to the class, such as whether the Cook County Source Grow Grant Program's prioritization of minority-owned businesses violate the Equal Protection Clause of the Fourteenth Amendment.

48.     Plaintiffs' claim is typical of those of other members of the class. Each of them would benefit from a decision enjoining Defendants and their agents from applying the Source Grow Grant Program's prioritization of minority-owned businesses.

49.     Plaintiffs adequately represent the interests of the class and have no interests antagonistic to the absent class members.

50.     A class action is appropriate under Rule 23(b)(2) because Defendants are acting on grounds generally applicable to the class, so that final injunctive and declaratory relief is appropriate respecting the class as a whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(a)     Declare the Cook County Source Grow Grant program's prioritization of minority business owners and minority-owned businesses unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(b)     Permanently enjoin Defendants and their agents from enforcing or giving any effect to the Cook County Source Grow Grant Program's prioritization of minority businesses owners, minority-owned businesses, and from otherwise discriminating on the basis of race in the grant program;

(c)     Issue an award of attorneys' fees and costs in this action pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988;

(d)     Issue an award of nominal damages in the amount of $1.00.

(e)     Provide such other and further relief as the Court deems just and proper.

DATED:  December 21, 2022.

Respectfully submitted,

PACIFIC LEGAL FOUNDATION

s/ *Wencong Fa*
Wencong Fa,
Cal. Bar No. 301679
Andrew R. Quinio,
Cal. Bar No. 288101*
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Email:  WFa@pacificlegal.org
Email:  AQuinio@pacificlegal.org

*Attorneys for Plaintiffs*
*\*Admission to General Bar forthcoming*

11