IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Domenic Cusano, Jr. and Cusano Chiropractic, <br><br> Plaintiffs, <br><br> v. <br><br> Cook County, Cook County Board of Commissioners, and Toni Preckwinkle, in her official capacity as President of the Board of Commissioners, <br><br> Defendants. | Case No. 1:22-cv-07196-JHL-MV <br><br><br> Assigned Judge: Hon. Joan H. Lefkow <br><br> Magistrate Judge: Hon. Maria Valdez |

**MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully move for class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The proposed class will be represented by Domenic Cusano, Jr., and Cusano Chiropractic, and will consist of all small businesses and small business owners who (1) applied for grants under the Cook County Small Business Source Grow Grant Program and (2) are not minority-owned businesses or businesses owned by racial or ethnic minorities.

**STANDARD OF REVIEW**

"The purpose of class action litigation is to avoid repeated litigation of the same issue and to facilitate prosecution of claims that any one individual might not otherwise bring on her own." *Chicago Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 433 (7th Cir. 2015). A district court may certify a class if it is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure have been met. *See id.*

1

Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Rule 23(b)(2) requires the movant to show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. Proc. 23(b)(2).

## ARGUMENT

**I.      The Proposed Class is So Numerous That Joinder is Impracticable**

Rule 23(a)(1) requires that the class membership be sufficiently large to warrant a class action because the alternative of joinder is impracticable. Rule 23 does "not require any specific minimum number of plaintiffs, [but] the Seventh Circuit has recognized that a class of 40 members is generally considered sufficient." *Smith v. City of Chicago*, 340 F.R.D. 262, 282 (N.D. Ill. 2021) (citing *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017)). Here, the proposed class includes small businesses and small business owners that (1) have applied for grants under the Cook County Small Business Source Grow Grant program, and (2) are not minority-owned businesses or businesses owners who are racial or ethnic minorities.[1] Here, the County received nearly 22,000 applications for the grant program. *See* Mot. for Prelim. Inj., Quinio Decl., Ex B. The County does not specify how many of those applications came from non-minority-

---

[1] The Seventh Circuit has "long recognized an implicit requirement under Rule 23 that a class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mind." *Mullins v. Direct Digital LLC*, 795 F.3d 654, 657 (7th Cir. 2015). The proposed class meets the requirement because the putative class members can be ascertained using objective criteria (i.e. small businesses that (1) have applied for a grant and (2) do not receive the preference for businesses owned by racial and ethnic minorities).

2

owned businesses, but any reasonable estimate would place the number in the thousands. The proposed class is therefore sufficiently large to meet the numerosity requirement of Rule 23(a)(1).

Whether joinder is impracticable is not always determined by numbers alone. Courts also consider factors such as the financial resources of class members and the ability of claimants to bring individual lawsuits. *See O'Brien v. Encotech Const. Servs., Inc.*, 203 F.R.D. 346, 350 (N.D. Ill. 2001). Here, the proposed class members are, by definition, small businesses that are struggling as a result of the COVID-19 pandemic and attendant government-imposed operating restrictions. A business seeking a grant must demonstrate either decreased revenue or increased costs as a result of the pandemic. And many proposed class members are strained in their ability to bring individual lawsuits given that small businesses seeking grant funds can ill-afford costly and potentially protracted litigation.

**II.     There are Questions of Law or Fact Common to the Members of the Proposed Class**

Plaintiffs will litigate a question of law common to members of the proposed class: Does Defendants' implementation of the minority-owned business preferences in the Cook County Source Grant Program violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution? This question applies to all proposed class members because each of them is suffering racial discrimination on the ground that the business is not minority-owned. Likewise, a court decision enjoining Defendants and their agents from enforcing the minority-owned business preference "will resolve an issue that is central to the validity of each one of the claims" of the class members "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also id.* at 359 (even a single common question will satisfy commonality).

### III. Plaintiffs' Claims Are Typical of the Claims of the Proposed Class

The plaintiffs' claims are typical of the class. Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

Here, the proposed class satisfies typicality for many of the same reasons that it satisfies commonality. *See Wal-Mart*, 564 U.S. at 350 & n.5 ("[T]he commonality and typicality requirements of Rule 23(a) tend to merge."). Each proposed class member's claim arises from Defendants' implementation of the minority-owned business preference in the Cook County Source Grow Grant Program, and each proposed class member stands to benefit from an injunction preventing Defendants from implementing the preference. After all, the injury in an equal protection case involving racial discrimination is not the ultimate denial of the benefit, but the erection of "a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group." *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993).

Moreover, the named plaintiffs are not subject to a unique defense that is likely to become a major focus of the litigation. *See Koos v. First Nat. Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974) ("Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative."). For instance, Plaintiffs meet all the race-neutral eligibility requirements for obtaining a grant under the Cook County Source Grow Program. The typicality requirement is satisfied.

4

**IV.    The Plaintiffs Will Fairly and Adequately Protect the Interests of the Members of the Proposed Class**

The adequacy-of-representation requirement "tends to merge with the commonality and typicality criteria of Rule 23(a) . . ." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997). The named representatives are adequate to represent the class because, as discussed above, they "possess the same interest and suffer the same injury as the class members." *Id*. at 625–26.

Under the adequacy requirement, Plaintiffs must establish that: "(1) their claims are not antagonistic to or in conflict with those of the proposed class; (2) they have sufficient interest in the outcome of the case; and (3) experienced, competent counsel represents them." *Smith*, 340 F.R.D. at 290 (internal quotation marks omitted). Plaintiffs here seek relief that would benefit each of the absent class members: an injunction preventing the County from distributing grants in a racially discriminatory manner. Plaintiffs also have a sufficient interest in the outcome of the case, as a favorable ruling from this Court would not just vindicate their fundamental right to equality before the law, but also increase their chances of obtaining much-needed COVID-19 relief. Finally, the class will be represented by experienced and competent counsel. Plaintiffs are represented by Pacific Legal Foundation—a public interest nonprofit with 14 wins before the Supreme Court of the United States and a long track record of advancing the important principle of equality before the law.[2] The proposed class members can therefore rest assured that counsel will vigorously prosecute this action on behalf of the class.

**V.    The 23(b)(2) Requirements Are Met**

Rule 23(b)(2) provides that class certification is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive

---

[2] https://pacificlegal.org/equality-before-the-law/

relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Lewis v. City of Chicago*, 702 F.3d 958, 962 (7th Cir. 2012). Plaintiffs generally enlist Rule 23(b)(2) when their "primary goal is not monetary relief, but rather to require the defendant to do or not do something that would benefit the whole class." *Chicago Tchrs. Union v. Bd. of Educ. of City of Chicago*, 797 F.3d at 441. "[C]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of Rule 23(b)(2) classes. *Id.* (internal quotation marks omitted).

Class certification under Rule 23(b)(2) is warranted in this case. The proposed class does not "seek [individualized] relief . . . or individually calculated damages," but instead "the same declaratory and injunctive relief for everyone" in the class. *Id.* at 441–42. Plaintiffs' lawsuit seeks to enjoin Defendants from implementing the racial preferences in the Cook County Source Grow Grant Program. That "single injunction . . . would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360. To be sure, a ruling in favor of the proposed class would not ensure that every non-minority-owned business would receive a grant under the program, but it would allow every such business to compete for grants on "equal footing"—regardless of the race of its owner. *Ne. Fla. Chapter*, 508 U.S. at 666.

## CONCLUSION

Plaintiffs' motion for class certification should be granted.

DATED: December 23, 2022.

Respectfully submitted,

                                PACIFIC LEGAL FOUNDATION

                                s/ *Wencong Fa*
                                Wencong Fa,
                                Cal. Bar No. 301679
                                Andrew R. Quinio,
                                Cal. Bar No. 288101*
                                555 Capitol Mall, Suite 1290
                                Sacramento, CA 95814
                                Email: WFa@pacificlegal.org
                                Email: AQuinio@pacificlegal.org

                                *Attorneys for Plaintiffs*
                                **Admission to General Bar forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2022, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system.

I also certify that I have arranged the following to be served by personal service on the Defendants at the addresses below.

Cook County
States Attorney's Office
69 W. Washington
Chicago, IL 60602

Cook County Board of Commissioners
118 N. Clark Street
Chicago, IL 60602

Toni Preckwinkle, President, Board of Commissioners
118 N. Clark St., Room 537
Chicago, IL 60602

                                                                        s/ *Wencong Fa*
                                                                         Wencong Fa

                                                                         *Attorney for Plaintiffs*