IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMENIC CUSANO and. CUSANO CHIROPRACTICS, | ) ) ) | |
| Plaintiffs, | ) ) | 22-cv-7196 |
| v. | ) ) ) | Hon. Mary M. Rowland |
| COOK COUNTY, COOK COUNTY BOARD OF COMMISSIONERS, and TONI PRECKWINKLE, in her official capacity as President of the Board of Commissioners, | ) ) ) ) ) ) ) | Judge Presiding |
| Defendants. | ) | |

### DEFENDANTS' 12(b)(1) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants Cook County, the Cook County Board of Commissioners, and Cook County President Toni Preckwinkle, sued in her official capacity only (collectively "Defendants"), by and through their counsel, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, Edward M. Brener, pursuant to Fed. R. Civ. P. 12(b)(1), move to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction.

### RELEVANT FACTS

On July 28, 2022, Defendants authorized the creation of a grant program for small business owners in Cook County. Dkt. 1, at ¶ 17. The program was to be funded by federal American Rescue Plan Act monies. *Id.* On September 29, 2022, Defendants, through the Cook County Bureau of Economic Development ("BED") launched the 2022 Small Business Source Grow Grant ("the former grant"). Dkt. 1, at ¶ 18. As written, the grant application advertised both eligibility and prioritization components, which included business owners of color. Dkt. 1, at ¶¶ 18, 21. The former grant application instructed the applicants to upload 1) a valid form of photo identification, 2) 2019

Federal Tax Returns for the business, and 3) a W-9 form for consideration. Dkt. 1, at Ex. 1. On February 27, 2023, BED announced that the former grant had been rescinded, and no grants will be awarded to any applicant via the former grant. See Ex. 1 (Declaration of Veda Britt-Handy); See also Ex. 2 (Announcement of rescission of the former grant).

Plaintiffs filed a single count Complaint challenging the former grant on Equal Protection grounds. Dkt. 1, at ¶¶ 33- 42. Mr. Cusano identified himself in his application as "white non-Hispanic." Dkt. 1, at ¶ 31. Plaintiffs seek injunctive relief and a declaratory judgment against the Defendants barring them from prioritizing minority business owners and minority owned businesses, or otherwise "discriminating based on race" in the administration of the former grant. Dkt. 1, at p. 10 ("Prayer for Relief"). Plaintiffs also seek nominal damages in the amount of One Dollar ($1). *Id.* Plaintiffs claim to represent a class of similarly situated individuals who will be subject to the same purportedly unlawful grant award system. Dkt. 1, at ¶¶ 43-50.

## STANDARD OF REVIEW

### Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of Article III standing is considered under Rule 12(b)(1). *Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 865, (N.D. Ill. May 15, 2006). This Court may properly look beyond the jurisdictional allegations of the Complaint and view whatever evidence has been submitted on the issue to determine whether the subject matter exists. *Capital Leasing Co. v. F.D.I.C*, 999 F. 2d 188, 191 (7th Cir. 1993). Trial courts may consider a declaration submitted in support of a Fed. R. Civ. P. 12(b)(1) challenge to standing. *AAVN, Inc. v. Westpoint Home, Inc.*, 2019 U.S. Dist. LEXIS 40750 at *7 (N.D. Ill., March 13, 2019) (citing *Evers. Astrue*, 536 F. 3d 651 (7th Cir. 2008)). Plaintiffs bear the burden of proof as to standing. See *Apex Digital, Inc., v. Sears, Roebuck & Co.*, 572 F. 3d 440, 443 (7th Cir. 2009). If a plaintiff cannot establish standing to sue, relief is not possible, and dismissal under Rule 12(b)(1) is the appropriate disposition. *AFGE, Local*

*2119 v. Cohen,* 171 F.3d 460 (7th Cir. 1999).

## ARGUMENT

**I.     PLAINTIFFS LACK ARTICLE III STANDING.**

Article III of the Constitution grants federal courts the power to decide only "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The doctrine of standing is the core element of justiciability. *Id.* To satisfy standing, the Plaintiffs must satisfy all three elements of standing:

1. Plaintiffs must have suffered an "injury in fact", which is actual or imminent, and not conjectural or hypothetical;
2. There must be a causal connection between the injury and the defendant; and
3. It must be likely, rather than speculative, that a favorable outcome will redress the injury.

*Lujan*, 504 U.S. at 560.

Plaintiffs bear the burden to prove each and every element of standing. *Lujan*, 504 U.S. at 561. If Plaintiffs cannot satisfy their burden as to any single element, they lack standing and therefore the court lacks subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F. 3d 169, 175 (7th Cir. 2015). A Plaintiff must prove that he has standing over each and every type of relief that he seeks. *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009).

Plaintiffs cannot satisfy any of the elements of standing. First, Plaintiffs' claim is speculative, based on anticipated future conduct by the Defendants. Plaintiffs' alleged injuries are framed in the future tense and revolve around the anticipated disadvantage that Plaintiffs will face in obtaining an award through the former grant program. For instance, Plaintiffs complain that, because Mr. Cusano is white, "the County will disadvantage his application in comparison to similarly situated applicants who identify as non-white or Hispanic." Dkt. 1, at ¶ 32. Plaintiffs go on to complain that "[s]tate actors and their agents, under color of law, will enact and enforce the Cook County Source Grow Grant Program." Dkt. 1, at ¶ 35. Plaintiffs assert that, because Mr. Cusano is white, "he is at a

disadvantage in obtaining a grant distributed pursuant to the grant program." Dkt. 1, at 42.

In light of the rescission of the former grant program, none of these hypothetical injuries will materialize. Plaintiffs will not be placed at a disadvantage in competing for grant awards under the former grant because no awards will be granted. Plaintiffs are being treated identically to all other applicants to the former grant. Because there is no injury in fact, Plaintiffs lack standing to seek a declaratory judgment, injunctive relief, or nominal damages.

The lack of a concrete or imminent injury also means Plaintiffs cannot meet their burden to prove the other elements of standing. Because the Defendants will not administer the former grant, there can be no Equal Protection injury to Plaintiffs. By definition, if there is no injury, there is also no causal connection between the non-injury and Defendants' actions. Likewise, because the former grant has been rescinded, the Plaintiffs cannot obtain court relief to compete for the former grant on a race-neutral basis. There is no Equal Protection injury to redress.

Finally, even if this court were to hold that the Defendants' actions cause Plaintiffs some non-speculative injury, a favorable ruling would still be unlikely to offer Plaintiffs redress. That is because Plaintiffs would have been ineligible for an award even if the former grant program had not been rescinded. The former grant notified applicants that they must provide three items of documentation: A valid form of photo identification, 2019 Federal Tax Returns for the business, and a W-9 Form. Ex. 1; See also Dkt. 1 (Plaintiff's Complaint), at Ex. A. Plaintiffs did not provide a complete 2019 business tax return. Plaintiffs submitted only the first page of Cusano Chiropractics' 2019 tax return, and omitted all remaining pages, schedules, forms, and statements. See Ex. 3 (Plaintiff Cusano Chiropractic's 2019 Form 1120-S (redacted)); See also Ex. 4 (Blank 2019 Form 1120-S). As a result, Plaintiffs were disqualified from an award under the former grant. Ex. 1. Even if the former grant program had not been withdrawn, Plaintiffs could not be irreparably harmed by the distribution of grant funds because they were not eligible for an award.

Page **4** of **6**

Plaintiffs cannot satisfy any of the elements of Article III standing. Because no grant awards will be awarded, Plaintiffs cannot show a concrete, imminent injury to their rights under the Equal Protection clause. Without an injury, Plaintiffs cannot show that the Defendants' actions caused their injury and also cannot show that a favorable ruling will redress their injury. Plaintiffs' failure to establish even one of these elements, let alone all three, extinguishes their standing. Plaintiffs' complaint should be dismissed for lack of subject-matter jurisdiction.

## II.     PLAINTIFF IS NOT A PROPER CLASS REPRESENTATIVE.

Because Plaintiff Cusano lacks Article III standing, he is also an improper class representative and must be dismissed thereto. *Walters v. Edgar*, 163 F. 3d 430. Defendants acknowledge that binding precedent allows the substitution of another representative of the class if class certification has been sought, even though a class has yet to be certified. *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991). In this case, any attempt to substitute a putative class member is futile because the rescission of the former grant program deprives any putative class member of a concrete, redressable injury that could confer standing. *Walter*, 163 F. 3d at 432. The class allegations should also be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

Plaintiffs have suffered no constitutional injury traceable to the Defendants, and this court cannot offer them any redress with a favorable ruling. Plaintiff Cusano cannot represent a class because he lacks standing, and there is no realistic possibility that another representative plaintiff with standing could be found. As a result, Plaintiffs' complaint should be dismissed, with prejudice.

**WHEREFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' complaint with prejudice and award any further relief that this Court deems fair and just.

          Respectfully submitted,

          KIMBERLY M. FOXX
          State's Attorney of Cook County

By: /s/ *Edward M. Brener*
     Edward M. Brener
     Assistant State's Attorneys
     500 Richard J. Daley Center
     Chicago, Illinois 60602
     (312) 603-5971
     Edward.brener@cookcountyil.gov